O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1334 DOC (RNBx)                              Date: October 31, 2013

Title: TRINITY CHRISTIAN CENTER OF SANTA ANA, INC., ET AL. –V- JOSEPH MCVEIGH, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:         ATTORNEYS PRESENT FOR DEFENDANT:
None Present                                                            None Present

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING MOTION TO REMAND AND GRANTING MOTIONS TO DISMISS AND STRIKE**

     Before the Court are three matters filed by Trinity Christian Center of Santa Ana, Inc. and International Christian Broadcasting, Inc. (together, "Plaintiffs" or "Trinity")[1], and Tymothy S. MacLeod ("Defendant" or "MacLeod"): Plaintiffs' Motion to Remand or, in the Alternative, Stay ("MTR") (Dkt. 20); Defendant's Motion to Dismiss Complaint ("MTD") (Dkt. 15); and Defendant's Special Motion to Strike Complaint Under California's Anti-SLAPP Statute ("MTS") (Dkt. 13). After considering briefing in support of and in opposition to all three motions, the Court DENIES Plaintiffs' Motion to Remand and GRANTS Defendant's Motions to Dismiss and to Strike Complaint.

**I.     BACKGROUND**

---

[1] For the purposes of this action, the distinction between the Plaintiffs—Trinity Christian Center of Santa Ana, Inc. and International Christian Broadcasting, Inc.—is not important, so the court will refer to them together as Trinity.

The following factual background is based on allegations made in Plaintiffs' complaint, which is attached to the Notice of Removal (Dkt. 1), and court filings offered by both parties in their Requests for Judicial Notice ("RJN") (Dkts. 14, 16, 20-2, 28).

In short, the Court is presented with a family drama that has been playing out in several suits, in several courts across the United States.

### A. The Koper Action

Trinity is a not-for-profit corporation in California. Compl. ¶¶ 1-2. Brittany Koper, the granddaughter of Trinity's founder, and her husband, Michael Koper, were former employees and Board members of Trinity. *Id.* ¶ 7. Trinity alleges that in September 2011, it discovered that the Kopers were embezzling funds, and so the Kopers were removed from the Board and their employment was terminated. *Id.* Trinity, through an affiliated entity, filed suit ("Koper Action") to recover $1.3 million from the Kopers and Michael Koper's uncle, Mr. McVeigh ("McVeigh"). *Id.* ¶¶ 8-12. On January 11, 2012, Trinity voluntarily dismissed the Koper Action. *Id.* ¶ 13.

### B. The McVeigh Action

About a month after Trinity voluntarily dismissed the Koper Action, McVeigh, through his attorney, MacLeod—the defendant in the present action—filed suit in California state court against Trinity and its lawyers ("McVeigh Action"), alleging that the Koper Action constituted malicious prosecution. *Id.* ¶¶ 14-16. On April 20, 2012, Trinity filed a special motion to strike under California's Anti-SLAPP statute—the same motion at issue in the present action. *Id.* ¶ 17. Trinity argued, among other things, that an action for malicious prosecution could not be sustained because the Koper Action was voluntarily dismissed without prejudice—the same argument offered by MacLeod in the present action. *Id.* ¶ 18.

On May 7, 2012, MacLeod filed a request to voluntarily dismiss the entire McVeigh Action without prejudice. *Id.* ¶ 19; Def.'s MTD RJN, Ex. 11. The court clerk entered the dismissal on the same day. *Id.* In its complaint, Trinity contends that on that day, it prevailed on the merits. Compl. ¶ 33.

Nevertheless, hearing dates for the action were not vacated because, at the very least, the court still needed to determine the amount of attorney's fees, which are available under the Anti-SLAPP statute. Compl. ¶¶ 20-23. Following one of the hearings, the court issued a minute order that declared the special motion to strike as "moot[,] since [MacLeod] dismissed the Complaint on May 7, 2012." Def.'s MTD RJN,

Ex. 22.  On August 16, 2012, final judgment was entered in favor of Trinity, and Trinity was awarded attorney's fees and costs.  Compl. ¶ 24; Def.'s MTD RJN, Ex. 23.

### C. The New York Action

On February 22, 2013, Trinity filed a malicious prosecution suit in New York state court against McVeigh ("New York Action"), which was predicated on the McVeigh Action.  Compl. ¶ 6.  On August 9, 2013, Trinity sought leave to amend its New York complaint to add MacLeod, a Massachusetts resident, as a defendant.  *Id.*

### D. The Present Action

On the same day that it added MacLeod to the New York Action, Trinity filed the present action in California state court.  *Id.* at 1.  In its complaint, Trinity explained that it intended to prosecute this suit only if the New York state court could not exercise jurisdiction over MacLeod.  *Id.* ¶ 6.  The complaint asserts one cause of action for malicious prosecution arising out of the McVeigh Action.  *Id.* ¶ 29-37.

On August 28, 2013, MacLeod removed the present action to this Court.  Notice of Removal at 1.

## II.   MOTION TO REMAND OR STAY

Plaintiffs move this Court to remand the present action to California state court or, in the alternative, stay proceedings.  MTR at 9-11.  Generally, "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress."  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).  "This duty is not, however, absolute."  *Id.*  "[C]onsiderations of [wise] judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation[,]" may counsel federal courts to stay or remand proceedings concerning the same matter as a pendent state court action.  *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (internal quotations omitted).

However, "when it comes to non-discretionary actions for damages . . . federal courts possess a 'virtually unflagging obligation . . . to exercise the jurisdiction given to them."  *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 977-78 (9th Cir. 2011) (quoting *Colo. River*, 424 U.S. at 817).  Plaintiffs' malicious prosecution action is for damages. Compl. at 7-8; *see also Bertero v. Nat'l Gen. Corp.*, 13 Cal.3d 43 (1974) (affirming damages award in an action for malicious prosecution).  Therefore, at the outset, the Court is mindful that it should abstain from exercising jurisdiction only if it is presented with exceptional circumstances.

Defendant contends that the Court is categorically barred from remanding a damages action under *Colorado River*. Opp'n to MTR at 14. This, however, is not true. It is true that *generally* the Supreme Court has "permitted federal courts applying abstention principles in damages actions to enter a stay, but [it has] not permitted them to dismiss the action altogether." *Quackenbush*, 517 U.S. at 730; *see also Homestead Ins. Co. v. Sherman Way Biltmore Apts.*, 59 Fed. Appx. 206, 206-207 (9th Cir. 2003) ("A federal court may not dismiss a damages action or remand it to a state court based on abstention."). But, in *R.R. Street*, a case heavily relied upon by both Plaintiffs and Defendant, the Ninth Circuit affirmed the dismissal of a damages action under *Colorado River*—precisely what Defendant argues we cannot do. 656 F.3d at 983-984. The apparent tension is resolved by the Supreme Court's observation that with specific regard to *Colorado River* abstentions, the district court "presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties . . . . Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 406 U.S. 1, 28 (1983). In other words, unlike other abstention doctrines, the distinction between a remand order and a stay order does little work in the *Colorado River* analysis—both share the same outcome.

Rather than a bright-line rule, a district court must balance eight factors in order to determine whether to remand or stay an action under *Colorado River*:

> "(1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court."

*R.R. Street*, 656 F.3d at 978-79.

"Any doubt as to whether a factor exists should be resolved against [abstention]." *Id.* at 979.

The Court finds that nearly all of these factors counsel against abstaining under *Colorado River*.

### A. Jurisdiction Over Any Property at Stake

The first factor is irrelevant because no court is being asked to assume jurisdiction over any res or property. *See id.* at 19 (holding that this factor is irrelevant if there is no specific property at stake); *R.R. Street*, 656 F.3d at 979 (same).

### B. Inconvenience of the Federal Forum

The second factor is a practical inquiry, concerned with geographic convenience and preferences of the parties. *See Colo. River*, 424 U.S. at 818 (comparing the second factor to the doctrine of forum non conveniens); *see also Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1368 (9th Cir. 1990) (considering the traveling distance between the non-moving party and the forum).

On its face, it appears that the forum is incredibly convenient for the Plaintiffs (the moving party), but inconvenient for the Defendant (the non-moving party). Plaintiffs are "not for profit California corporation[s], with [their] principal place of business located . . . [in] Tustin, Orange County, California[.]" Compl. ¶¶ 1-2. In *Holder v. Holder*, this factor weighed against abstention when the moving party resided in the state and initially showed a preference for the forum. 305 F.3d 854, 871 (9th Cir. 2002). Similarly, here, Plaintiffs are based in California—a ten-minute drive from the Courthouse—and chose to file suit in California state court. On the other hand, Defendant "is an individual residing in Middlesex County, State of Massachusetts, and at all material times was an attorney licensed to practice law in the states of California and Massachusetts." *Id.* ¶ 4. Defendant would prefer to litigate in California, where he practices law and where Plaintiffs reside, whereas Plaintiffs inexplicably prefer to litigate in New York, where neither party resides.

Plainly, the convenience of the federal forum weighs against abstention under *Colorado River*.

### C. Desire to Avoid Piecemeal Litigation

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *R.R. Street*, 656 F.3d at 979 (quoting *Am. Int'l Underwriters, (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988)). "A correct evaluation of this factor involves considering whether exceptional circumstances exist which justify special concern about piecemeal litigation." *Travelers*, 914 F.2d at 1369. In *Colorado River*, the special concern was raised by a federal statute that "evidenced a clear policy of avoiding 'piecemeal

adjudication of water rights in a river system.'" *R.R. Street*, 656 at 979 (quoting *Colo. River*, 424 U.S. at 819).

No such policy exists here, so the Court searches for any other exceptional circumstances that may raise "special concerns" about piecemeal litigation. First, unlike *Am. Int'l Underwriters*, the pendent state court action has not "already decided several substantive issues in this case[.]" *See* 843 F.2d at 1258. Rather, Defendant was not added to the New York Action until August 13, 2013—*after* Plaintiffs filed this action against him in California. Plaintiffs' Remand RJN at 38. Second, unlike *Travelers*, the rights being adjudicated are not implicated in a "vastly more comprehensive state action." *See* 914 F.2d at 1369. By the admission of both parties, the New York Action is nearly identical to the present action.

In short, Plaintiffs present nothing that raises a special concern about piecemeal litigation. The present action and the pendent state court action are nearly identical, both in terms of claims against Defendant and progress toward resolution of those claims. This factor weighs against abstention.

### D. Order in Which the Forums Obtained Jurisdiction

Courts must consider which forum first obtained jurisdiction, but "[t]his factor . . . is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand. Thus, priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21.

In *R.R. Street*, the Ninth Circuit affirmed an abstention where the state court action had been filed *five years* before the federal court action and "the court had conducted discovery, initiated a phased approach to the litigation, and issued an order concerning foundational legal matters." 656 F.3d at 980. Here, the state court action had been filed *months* before the federal court action and it is not clear that the state court has done anything except permit Plaintiffs to amend the complaint to add Defendant. On the other hand, this Court is already entertaining dispositive motions against Defendant.

Even though, technically, the New York state court obtained jurisdiction over the claims at issue, practically, this suit has progressed further. This factor weighs against abstention.

### E. Rule of Decision on the Merits

"[The] presence of state-law issues may weigh in favor of surrender only 'in some rare circumstances.'" *Travelers*, 914 F.2d at 1370 (quoting *Moses H. Cone*, 460 U.S. at 26). This malicious prosecution action is governed by California state tort law. Furthermore, it raises no issues of New York law that might conceivably weigh in favor of abstention. There is no reason to believe that a New York state court would be better able to apply California state law than a California federal court. This factor weighs against abstention.

### F. Rights of Federal Litigants in State Courts

"A district court may not stay or dismiss the federal proceeding if the state proceeding cannot adequately protect the rights of the federal litigants. For example, if there is a possibility that the parties will not be able to raise their claims in the state proceeding, a stay or dismissal is inappropriate." *R.R. Street*, 656 F.3d at 981 (citing *Moses H. Cone*, 460 U.S. at 26).

Plaintiffs' only claim in the New York Action is under California Code of Civil Procedure § 425.18. Plaintiffs' Remand RJN at 46. Plaintiffs can raise this claim in this Court to the same extent that they can raise it in New York state court. Therefore, this factor weighs against abstention.

### G. Desire to Avoid Forum Shopping

"Forum shopping refers to the practice of choosing the most favorable jurisdiction or court in which a claim might be heard." *R.R. Street*, 656 at 981 (citation omitted). Each side accuses the other at length. Plaintiffs argue that Defendant is forum shopping based on the belief that, in light of Plaintiffs' other actions pending before this Court, it will receive less favorable treatment here than in New York. Defendant points the finger right back, arguing that Plaintiffs have filed two nearly identical actions in two different states in order to harass Defendant.

As with the court in *R.R. Street*, this Court "declines the parties' invitation to referee their finger-pointing match." *Id.* There are not enough facts to convince the Court that this factor weighs in favor of or against abstention.

### H. Resolution of All Issues

The final factor concerns the similarity of the suits at issue. In order to weigh in favor of abstention, the two suits must be "substantially similar," although the similarity may be short of "exact parallelism." *Id.* at 982 (citing *Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989)). The parties agree that the two suits at issue are nearly

identical. *See* MTR at 11 ("The claims asserted in the New York action are identical to those asserted in the California state court case."); Opp'n to MTR at 21 ("There is no doubt that this Present Action is identical to Plaintiffs' New York State Action . . . .").

The Court finds that nearly all factors weigh against either remand or stay under *Colorado River*. Courts should abstain under *Colorado River* only when exercising jurisdiction would be an exceptionally inefficient use of judicial resources. Here, the opposite is likely to be true—given the uncertainty of whether the New York state court even has jurisdiction over Defendant, it is likely that this Court will simply need to revisit these same issues later. The Court refuses to kick the can down the road.

Therefore, the Court DENIES Plaintiffs' motion to remand or stay this action.

### III.  MOTION TO DISMISS

Defendant moves this Court to dismiss under Federal Rule of Civil Procedure 12(b)(6), alleging that Plaintiffs' action is time-barred.

#### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not

physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002).

Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

### B. Statute of Limitations

The parties agree that the claims in the present action are governed by California Code of Civil Procedure §340.6, setting a one-year statute of limitations for malicious prosecution claims against an attorney. *See* MTD at 5-7; Opp'n to MTD at 8. The dispute centers on which event triggered the limitations period to run—Defendant's voluntary dismissal or the state court's entry of judgment.

Defendant contends that its voluntary dismissal on May 7, 2012 constituted a favorable termination, triggering the limitations period. MTD at 8. Plaintiffs' argument seems to be this: if a party has a right to a hearing on attorney's fees and costs following a voluntary dismissal, then the limitations period is not triggered until a judgment is entered on attorney's fees and costs. *See* Opp'n to MTD at 9-10. The Court agrees with Defendant.

"The principle is well established that the cause of action for malicious prosecution first accrues at the conclusion of the litigation *in favor* of the party allegedly prosecuted maliciously." *Babb v. Sup. Ct.*, 3 Cal.3d 846 (1971) (emphasis added). In other words, 'favorable termination' triggers the limitations period. In *Lackner v. LaCroix*, the California Supreme Court explained:

> "It is apparent that 'favorable termination' does not occur merely because a party complained against has prevailed in an underlying action. While the fact he has prevailed is an ingredient of a favorable termination, such

> *termination must further reflect on his innocence of the alleged wrongful conduct.* If the termination does not relate to the merits—reflecting on neither innocence of nor responsibility for the alleged misconduct—the termination is not favorable in the sense it would support a subsequent action for malicious prosecution."

25 Cal.3d 747, 751 (1979) (emphasis added).

Therefore, the Court must determine which of the two possible termination events—the voluntary dismissal or the final entry of judgment—was the first to *reflect on the merits* of the underlying action, thereby triggering the limitations period.

"A voluntary dismissal may be an implicit concession that the dismissing party cannot successfully maintain the action." *Eells v. Rosenblum*, 36 Cal.App.4th 1848, 1855 (1995); *see also MacDonald v. Joslyn*, 275 Cal.App.2d 282, 289 (1969) (holding that a voluntary dismissal without prejudice constituted a favorable termination). However, if the voluntary dismissal was motivated by technical or procedural reasons, then the dismissal did not reflect on the merits. *See id. at 1855-56.* As another federal court explained, the general rule is that a voluntary dismissal constitutes a favorable termination, "unless there is a reason for the dismissal not having to do with the merits of the action." *Fabbrini v. City of Dunsmuir*, 544 F.Supp.2d 1044, 1048 (E.D. Cal. 2008), *aff'd*, 631 F.3d 1299 (9th Cir. 2011).

Defendant filed a dismissal without prejudice as to the "[e]ntire action of all parties and all causes of action" on May 7, 2012. Compl. ¶ 19; Def.'s MTD RJN, Ex. 11. The state court clerk entered the dismissal on the same day. *Id.* In its minute order issued on July 25, 2012 the state court explained that, "[t]he [pending] Special Motions to Strike and the Joinder are *moot since Plaintiff dismissed the Complaint* on May 7, 2012." Def.'s MTD RJN, Ex. 22 (emphasis added). This Court finds that the underlying action was dismissed on May 7, 2012.

There is no indication that the dismissal was prompted by technical or procedural reasons. On the contrary, Plaintiffs' own complaint in the present action asserts that on May 7, 2012, "[Defendant] dismissed the McVeigh Case without prejudice and Plaintiffs *thereby prevailed on its merits*." Compl. ¶ 33 (emphasis added). Furthermore, Plaintiffs filed a special motion to strike the McVeigh Action complaint as, in part, "brought without probable cause[,]" and in its final judgment, the state court agreed and awarded attorneys' fees to Plaintiffs. Compl. at 4; Def.'s MTD RJN, Ex. 23. This Court finds that

Defendant's voluntary dismissal on May 7, 2012 reflected the merits—or rather, the lack thereof—of the McVeigh Action.

Simply put, Plaintiffs triumphed in the McVeigh Action on May 7, 2012 and that is when the statute of limitations began to run. Plaintiffs had until May 7, 2013 to file the present action. *See* Cal. Code Civ. Proc. §340.6. They did not do so until August 9, 2013. Therefore, even if the Plaintiffs' allegations were true, they fail to state a claim upon which relief can be granted.

### C. Leave to Amend

"[C]ourt[s] should freely give leave [to amend complaints] when justice so requires." Fed. R. Civ. P. 15(a)(2). Ordinarily, this court applies this rule "with extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Here, however, leave to amend would work *against* justice.

Leave to amend should not be granted if it "would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Yakama Indian Nation v. State of Wash. Dep't of* Revenue, 176 F.3d 1241, 1246 (9th Cir. 1999). Plaintiffs' complaint asserts one cause of action, and this Court finds that it is time-barred—there is no fact that can breathe life back into this claim. Furthermore, this Court has serious concerns that this action—one of about a dozen related suits across the country—is being used as a weapon. Leave to amend would cause prejudice, would likely be sought in bad faith, and would be futile.

Therefore, the Court GRANTS Defendant's Motion to Dismiss, and dismisses the action as to Defendant MacLeod WITH PREJUDICE.

### IV. MOTION TO STRIKE

Finally, Defendant moves the Court to strike Plaintiffs' complaint as a strategic lawsuit against public policy (SLAPP).

### A. Legal Standard

"Motions to strike a state law claim under California's anti-SLAPP statute may be brought in federal court." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003) (citing *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970-973 (9th Cir. 1999)). Recently, this has been called into question. *See Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 275 (9th Cir. 2013) (Kozinski, J., concurring)

("*Newsham* is wrong and should be reconsidered."). Nevertheless, this Court is bound to apply the law as it stands now, not as it *might* in the future.

"Resolution of an anti-SLAPP motion requires the court to engage in a two-step process. First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity . . . . [Second,] it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal.4th 728, 733 (2003) (citations and quotations omitted).

### B. Protected Activity

The moving defendant's burden under this prong is to demonstrate that the acts of which the plaintiff complains were taken "in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue . . . ." Cal. Code Civ. Proc. §425.16, subd. (b)(1). "By definition, a malicious prosecution suit alleges that the defendant committed a tort by [petitioning the courts,]" a right protected by both the United States and California Constitutions. *See Jarrow*, 31 Cal.4th at 734-35. The present action asserts one cause of action: malicious prosecution. Compl. ¶¶ 29-37. Therefore, Defendant has made a "threshold showing that the challenged cause of action is one arising from protected activity." *See Jarrow*, 31 Cal. 4th at 733.

### C. Probability of Prevailing on the Claim

In order to show a probability of prevailing on the claim, Plaintiffs "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Wilson v. Parker, Covert & Chidester*, 28 Cal.4th 811, 821 (2002).

#### 1. Statute of Limitations

As explained in Section II.B, the statute of limitations on filing this malicious prosecution claim has run. Therefore, by this fact alone, Plaintiffs have failed to demonstrate that the complaint is legally sufficient.

#### 2. Malicious Prosecution

"To establish a cause of action for the malicious prosecution of a civil proceeding, a plaintiff must plead and prove that the underlying action was (1) commenced by or at

the direction of the defendant and pursued to a legal termination in the plaintiff's favor; (2) brought without probable cause; and (3) initiated with malice." *Crowley v. Katleman*, 8 Cal.4th 666, 676 (1994) (citations omitted).

"The 'malice' element . . . relates to the *subjective intent or purpose* with which the defendant acted in initiating the prior action." *Downey Venture v. LMI Ins. Co.*, 66 Cal.App.4th 478, 494 (1998). "The plaintiff must plead and prove actual ill will or some improper ulterior motive." *Id.*

The complaint alleges that Defendant brought the underlying action to "extract a substantial settlement from Plaintiffs and to permit the Kopers to utilize the *McVeigh Case* as a platform from which to launch a national media campaign against [Plaintiffs]." Compl. ¶ 26. Plaintiffs offer no evidence to substantiate this bare assertion. Without more, this Court simply cannot find that Plaintiffs presented a prima facie showing of facts to sustain a favorable judgment. *See Wilson*, 28 Cal.4th at 821 (2002). While such a showing of malice *might* be sufficient to survive a motion to dismiss, it does not demonstrate a "probability of prevailing on the claim." *See Jarrow*, 31 Cal. 4th at 733.

Because Plaintiffs have neither demonstrated the legal or factual sufficiency of their malicious prosecution action, the Court GRANTS Defendant's motion to strike.

## V. CONCLUSION

For the reasons explained above, the Court DENIES Plaintiffs' Motion to Remand and GRANTS Defendant's Motions to Dismiss and to Strike. Furthermore, it dismisses the action WITH PREJUDICE as to Defendant MacLeod.

The Clerk shall serve this minute order on all parties to the action.

Clerk's Initials: jcb