O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-1334-DOC (RNBx)     Date: January 21, 2014

Title: TRINITY CHRISTIAN CENTER OF SANTA ANA INC., ET AL. v. JOSEPH MCVEIGH, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:
None Present                          None Present

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING MOTION TO AMEND AND/OR CORRECT ORDER UNDER RULE 59(e) [38]**

Before the Court is Plaintiffs Trinity Christian Center of Santa Inc. and International Broadcasting Inc.'s (together, "Trinity's") Motion to Amend this Court's October 31, 2013 Order dismissing the action ("Motion" or "Mot.") (Dkt. 38). After considering the motion, the opposition, the replies, and all exhibits attached thereto, and reconsidering the October 31, 2013 Order and all related filings, the Court hereby DENIES the Motion.

I. BACKGROUND

The Court will not recite the facts of this case in detail because they were discussed in its October 31, 2013 Order. *See* Order, October 31, 2013 ("Dismissal Order") (Dkt. 34), at 1-3. In brief summary:

Over the last two years, Trinity has been waging a litigation war of high-pitched acrimony, which arose out of a dispute between a granddaughter and her grandparents. One battle of the war was an action in Orange County Superior Court filed by Trinity against Brittany Koper (the granddaughter of Trinity's founders), Michael Koper (her

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1334-DOC (RNBx)            Date: January 21, 2014

Page 2

husband), and Joseph McVeigh ("Mr. McVeigh") (his uncle). That action was voluntarily dismissed on January 11, 2012. In response, Mr. McVeigh, through his attorney Tymothy MacLeod ("Attorney MacLeod") (defendant in this action), filed suit in Orange County Superior Court for malicious prosecution. Trinity filed a special motion to strike the claim under California's anti-SLAPP statute. Before that motion was heard, Mr. McVeigh and Mr. MacLeod voluntarily dismissed the action on May 7, 2012. Then, Trinity filed two suits for malicious prosecution again Mr. McVeigh and Mr. MacLeod: one in New York and one in California. The California suit was filed on August 9, 2013, but Trinity did not serve either Mr. McVeigh or Mr. MacLeod; according to Trinity, it filed the action only to prevent the statute of limitations from running. Nonetheless, Mr. MacLeod discovered the suit and removed it to this Court.

On October 31, 2013, this Court denied Trinity's motion to remand the action to California Superior Court. Furthermore, it granted Mr. MacLeod's motion to dismiss and special motion to strike under California's anti-SLAPP statute, both because the Court found that the malicious prosecution claim was time-barred.

Trinity now moves this Court to amend the Order under Rule 59(e). *See generally* Mot.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), courts enjoy "considerable discretion" to amend or alter a judgment. *See* 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995). However, a motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (en banc) (citing *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also* 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2810.1 (2d. ed. 1995) ("[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.").

"A Rule 59(e) motion to alter or amend a judgment may be used to substantively challenge a court's entry of judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Morales v. Fagel*, 468 Fed. Appx. 740, 742 (9th Cir. 2012) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)). When a motion is brought on the grounds that the court committed a manifest error of law, the court should not grant that

motion unless there was a "wholesale disregard [of], misapplication [of], or failure to recognize controlling precedent." *See Benham v. Sequoia Equities, Inc.*, No. CV 13-00205, 2013 U.S. Dist. LEXIS 108015, at *6 (C.D. Cal. May 29, 2013) (quoting *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004)). "Manifest error is not demonstrated by the disappointment of the losing party." *Id.*

### III.   ANALYSIS

#### A. Favorable Termination

In its previous order, the Court articulated the following standard to determine when the statute of limitations for malicious prosecution began to run:

> "The principle is well established that the cause of action for malicious prosecution first accrues at the conclusion of the litigation *in favor* of the party allegedly prosecuted maliciously." *Babb v. Sup. Ct.*, 3 Cal. 3d 846 (1971) (emphasis added). In other words, 'favorable termination' triggers the limitations period. In *Lackner v. LaCroix*, the California Supreme Court explained:
>
> "It is apparent that 'favorable termination' does not occur merely because a party complained against has prevailed in an underlying action. While the fact he has prevailed is an ingredient of a favorable termination, such *termination must further reflect on his innocence of the alleged wrongful conduct*. If the termination does not relate to the merits—reflecting on neither innocence of nor responsibility for the alleged misconduct—the termination is not favorable in the sense it would support a subsequent action for malicious prosecution."

25 Cal.3d 747, 751 (1979) (emphasis added).

Therefore, the Court must determine which of the two possible termination events—the voluntary dismissal or the final entry of judgment—was the first to *reflect on the merits* of the underlying action, thereby triggering the limitations period.

"A voluntary dismissal may be an implicit concession that the dismissing party cannot successfully maintain the action." *Eells v. Rosenblum*, 36 Cal. App. 4th 1848, 1855 (1995); *see also MacDonald v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-1334-DOC (RNBx)                                      Date: January 21, 2014

Page 4

> *Joslyn*, 275 Cal. App. 2d 282, 289 (1969) (holding that a voluntary
> dismissal without prejudice constituted a favorable termination). However,
> if the voluntary dismissal was motivated by technical or procedural reasons,
> then the dismissal did not reflect on the merits. *See id.* at 1855-56. As
> another federal court explained, the general rule is that a voluntary
> dismissal constitutes a favorable termination, "unless there is a reason for
> the dismissal not having to do with the merits of the action." *Fabbrini v.
> City of Dunsmuir*, 544 F. Supp. 2d 1044, 1048 (E.D. Cal. 2008), *aff'd*, 631
> F.3d 1299 (9th Cir. 2011).

Dismissal Order at 9-10.

Trinity rehashes its argument that the statute of limitations did not begin to run until August 16, 2012, when Superior Court Judge Firmat ("Judge Firmat") approved Trinity's proposed order.[1] *See generally* Mot. The Court still disagrees.

In short, the question is not when final judgment was entered or when the anti-SLAPP motion was finally resolved; the question is when there was a "termination"—including a voluntary dismissal—that "reflect[ed] on [defendant's] innocence of the alleged wrongful conduct." *Lackner*, 25 Cal. 747 at 751; *Eells*, 36 Cal. App. 4th at 1855 ("A voluntary dismissal may be an implicit concession that the dismissing party cannot successfully maintain the action."); *see also MacDonald*, 275 Cal. App. 2d at 289 (1969) (holding that a voluntary dismissal without prejudice constituted a favorable termination).

### 1. Question of Fact

Previously, this Court cited *Fabbrini v. City of Dunsmuir*, 544 F. Supp. 2d 1044, 1048 (E.D. Cal. 2008) for "general rule [] that a voluntary dismissal constitutes a favorable termination, unless there is a reason for the dismissal not having to do with the merits of the action." October 21, 2013 Order at 10. As Trinity points out, *Fabbrini* also stated that, "the determination of the reasons underlying the dismissal is a question of

---

[1] Although it does not affect this Court's reasoning on this Motion, the Court notes that since its order, the final judgment was amended nunc pro tunc. *See* Def.'s RJN in Opp'n to Mot. for Reconsideration, Ex. 2 (Dkt. 42). Apparently, the final judgment prepared by Trinity did not accurately reflect Judge Firmat's July 25, 2012 ruling. The Orange County Superior Court explained that the nunc pro tunc amendment was necessary because, "once plaintiff McVeigh filed his dismissal of his complaint, the court no longer had jurisdiction to enter judgment against him on that complaint. The Judgment, which purports to do just that, is therefore void to that extent. All the court had jurisdiction to do on 7/25/12 was to award Defendants fees and costs under the anti-SLAPP statute."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-1334-DOC (RNBx)                                                                          Date: January 21, 2014

Page 5

fact." 544 F. Supp. 2d at 1048 (citing *Haight v. Handweilver*, 199 Cal. App. 3d 85, 89 (1988)).

Trinity appears to be under the misapprehension that this Court did not consider that such a determination was a question of fact. On the contrary, the Dismissal Order stated: "This Court *finds* that Defendant's voluntary dismissal on May 7, 2012 reflected the merits—or rather, the lack thereof—of the [Underlying Action]." Dismissal Order at 10-11 (emphasis added). The Court made that finding on the following basis.

On May 7, 2012, Mr. MacLeod filed a dismissal without prejudice as to the "[e]ntire action of all parties and all causes of action." Def.'s MTD RJN, Ex. 2 ("Voluntary Dismissal") (Dkt. 16). This dismissal was entered by the clerk of the superior court on the same day. *Id.* Thus, as of May 7, 2012, the dismissal was effective.

On July 25, 2012, Judge Firmat held a hearing on pending motions. Def.'s MTD RJN, Ex. 3 ("Minute Order") (Dkt. 16). Judge Firmat ruled that, "[t]he Special Motions to Strike and the Joinder are moot since Plaintiff dismissed the Complaint on May 7, 2012." *Id.* He also "[found] that [Trinity is] the prevailing part[y] and entitled to reasonable attorney fees and costs" and noted that, "the issue of prevailing party is a simple issue as a result of Plaintiff's dismissals." *Id.* Finally, he awarded Trinity's counsel $21,000 in attorney's fees. *Id.*

Indeed, Trinity concedes that, "Judge Firmat's minute order of July 25, 2012 resolved the disputed question of fact[.]" Mot. at 11. In other words, between the May 7, 2012 dismissal and the July 25, 2012 minute order, the Court had sufficient facts to determine whether the voluntary dismissal reflected on the merits.

The Court notes that there might be an open question as to whether the statute of limitations began to run on May 7, 2012, when the dismissal occurred, or July 25, 2012, when Judge Firmat made his findings confirming that the dismissal reflected on the merits. However, in either case—whether the triggering date was May 7 or July 25— Trinity's action was time-barred because it was filed over a year later, on August 9, 2013.

### 2. Ruling on the Merits Before Granting Attorney's Fees

The bulk of Trinity's argument is that "Judge Firmat had a duty to reach the merits of the underlying anti-SLAPP motions as a predicate to awarding attorneys' fees." *See* Mot. at 11-15.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1334-DOC (RNBx)                          Date: January 21, 2014

Page 6

       First, as a legal proposition, this is not at all clear. Indeed, one of the two cases cited by Trinity to support this proposition actually states the exact opposite. In *Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 106 (1998), the court explained the following:

> We conclude that *where the plaintiff voluntarily dismisses an alleged SLAPP suit while a special motion to strike is pending*, the trial court has discretion to determine whether the defendant is the prevailing party for purposes of attorney's fees under Code of Civil Procedure Section 425.16, subdivision (c). *In making that determination, the critical issue is which party realized its objectives in the litigation. Since the defendant's goal is to make the plaintiff go away with its tails between its legs, ordinarily the prevailing party will be the defendant.* The plaintiff, however, may try to show it actually dismissed because it had substantially achieved its goals through a settlement or other means, because the defendant was insolvent, or for other reasons unrelated to the probability of success on the merits.

(emphasis added). In other words, if a suit is voluntarily dismissed while an anti-SLAPP motion is pending, courts have the discretion to grant attorney's fees under California's SLAPP statute by deciding which party "realized its objectives in the litigation," which does not require that court to evaluate the merits of the anti-SLAPP motion itself. These are precisely the facts of the underlying action. And, therefore, notwithstanding Trinity's fervent protestations, Judge Firmat did not "ha[ve] a duty to reach the merits of the underlying anti-SLAPP motions."

       Second, even assuming that he did, the question is not *whether* he reached the merits, it is *when*. On July 25, 2012, Judge Firmat ruled that Trinity was the prevailing party and awarded it $21,000 in attorneys' fees. If Trinity is correct and Judge Firmat had a duty to rule on the merits before awarding attorneys' fees, then, at the latest, he did so on July 25, 2012, and Trinity's action was still time-barred.

       Frankly, the entire issue of the anti-SLAPP motion pending before Judge Firmat is a red herring. The present analysis has little, if anything, to do with whether there was a pending anti-SLAPP motion. The questions are: (1) when was the underlying action voluntarily dismissed? (May 7, 2012) and (2) did that voluntary dismissal reflect on the merits of the underlying action? (Yes, according to Judge Firmat's July 25, 2012 rulings).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1334-DOC (RNBx)                                    Date: January 21, 2014

Page 7

### B. SLAPPback

Next, Trinity argues that it was a "manifest error of law" for the Court to consider Mr. MacLeod's special motion to strike under Section 425.16, as opposed to Section 425.18, which applies to so-called "SLAPPback" actions. Mot. at 15-17.

A "'SLAPPback' means any cause of action for malicious prosecution or abuse of process arising from the filing or maintenance of a prior cause of action that has been *dismissed pursuant to a special motion to strike* under Section 425.16." Cal. Code. Civ. Proc. § 425.18 (emphasis added); *Soukup v. Law Offices of Herbert Hafif*, 39 Cal.4th 260, 292 (2006). In the underlying action, MacLeod voluntarily dismissed his action; it was not dismissed pursuant to a special motion to strike. Therefore, it is, by no means, clear that Trinity's action was a "SLAPPback" within the meaning of California Code of Civil Procedure Section 425.18.

Furthermore, it makes no difference. A SLAPPback "should be treated differently . . . from an ordinary malicious prosecution," but it does not touch the standard on which special motions to strike should be considered, nor does it extend statutes of limitations. *See generally* Cal. Code. Civ. Proc. § 425.18. In other words, the characterization of Trinity's action had no impact on the Court's analysis. Indeed, Trinity argues only that it should have been given "liberal rights . . . to conduct discovery so that elements such as malice can be presented in opposition to any anti-SLAPP motion." Mot. at 17. But, such discovery is available only upon an ex parte application from the party opposing the motion. Cal. Code Civ. Proc. § 425.18(e) ("A party opposing a special motion to strike a SLAPPback may file an ex parte application for a continuance to obtain necessary discovery."). The Court never received such an application. Even if it did, further discovery to prove malice would have absolutely no effect on the fact that Trinity's claim was time-barred.

### C. The Declaration of Mr. Mahaffey

Trinity also argues that this Court should amend its order because it "ignored the declaration of Mr. Mahaffey and the attached evidence of malice." Mot. at 17-19. The Court was not and is not convinced that a showing of malice was made. But, that is beside the point: Trinity's cause of action was time-barred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-1334-DOC (RNBx)                                     Date: January 21, 2014

Page 8

### D. Vexatious Litigant

Finally, the Court takes this opportunity to revisit its September 7, 2012 order in *Brittany B. Koper v. Davert & Loe, Lawyers, et al.*, No. 12-CV-00160. There, this Court considered whether Trinity should be declared a vexatious litigant because it filed "*six* duplicative lawsuits . . . in *three different fora*[.]" The Court concluded that "Plaintiff Trinity has failed to show that it is not a vexatious litigant." But, "[it] refrain[ed] from designat[ing] Plaintiff Trinity as a vexatious litigant *at this time* . . . because the Court is not aware of any other cases [subsequently] filed."

Since this Court's September 7, 2012 order, however, Trinity has filed this case and at least one other in the Eastern District of New York.

As far as this Court can tell, this all began as a dispute between two of Trinity's founders, Paul and Jan Crouch, and their granddaughter, Brittany Koper—each side accusing the other of embezzling money from Trinity.

These accusations triggered a two-year, cross-country onslaught of litigation that involved Trinity suing more or less the same defendants: Brittany Koper, Michael Koper, William Koper, and Joseph McVeigh.

- On October 18, 2011, an entity that Trinity described as a "collection company [it] formed," filed *Redemption Strategies, Inc. v. Michael Koper, et al.*, No. 12-CV-0041.
- On April 30, 2012, Trinity filed *International Christian Broadcasting Inc. v. Michael Koper, et al.* in Orange County Superior Court, Case No. 30-2012-00565340.
- On May 4, 2012, Trinity filed *Trinity Christian Center of Santa Ana v. Michael Koper, et al.* in Orange County Superior Court, Case No. 30-2012-00566620.
- On June 8, 2012, Trinity filed *Trinity Christian Center of Santa Ana v. Michael Koper, et al.*, No. 12-CV-1121.
- On June 27, 2012, Trinity filed *Trinity Christian Center of Santa Ana v. Michael Koper, et al.*, No. 12-CV-1049. This case was commenced without providing notice to the Court of related cases and through a filing so deficient that Judge Staton denied Trinity relief despite a lack of opposition. *See* July 16, 2012 Order (Dkt. 19).
- On the same day, June 27, 2012, Trinity filed a suit in New Jersey state court, Case No. L-001732-13.

Case 8:13-cv-01334-DOC-RNB   Document 50   Filed 01/21/14   Page 9 of 10   Page ID #:2969

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1334-DOC (RNBx)                                        Date: January 21, 2014

Page 9

- On July 18, 2012, Trinity filed *International Christian Broadcasting, Inc. v. Michael Koper, et al.*, No. 12-CV-3570 in the Eastern District of New York.
- On May 3, 2013, Trinity filed suit in New York state court, Case No. 0002228/2013.
- On August 9, 2013, Trinity filed the present action in Orange County Superior Court.

Defendants in the above cited cases fought fire with fire, filing several suits against Trinity and Trinity's counsel, Davert & Loe. One of those suits was for malicious prosecution, which was voluntarily dismissed and gave rise to the convoluted facts in this case. There, Trinity presented precisely the same argument that they now claim is meritless—that a malicious prosecution action cannot be predicated on an underlying action that was voluntarily dismissed. Trinity filed the August 9, 2013 action without serving MacLeod, "in order to protect the statute of limitations, if it were later determined that the New York court lacked jurisdiction over MacLeod." Pl.'s Mot. to Remand or Stay at 4 (Dkt. 20).

This is not over. For example, the Court is aware of at least two more suits pending in United States Bankruptcy Court in the Eastern District of New York: *International Christian Broadcasting, Inc. v. Michael Koper, et al.*, No. 13-BK-074213, filed on September 5, 2013 and *International Christian Broadcasting, Inc. v. Michael W. Koper*, No. 13-BK-74213 on October 14, 2013.

Indeed, even the facts underpinning this action are unstable; on December 2, 2013, Orange County Superior Court Judge Margines corrected the final judgment nunc pro tunc. Def.'s RJN in Opp'n to Mot. for Reconsideration, Ex. 2 (Dkt. 42). Apparently, the final judgment prepared by Trinity—the entry of which Trinity now claims triggered the statute of limitations—did not accurately reflect the Court's July 25, 2012 ruling. *Id.* Judge Margines explained that, "once plaintiff McVeigh filed his dismissal of his complaint, the court no longer had the jurisdiction to enter judgment against him on that complaint. The Judgment, which purports to do just that, is therefore void to that extent. All the court had jurisdiction to do on 7/25/12 was to award Defendants fees and costs under the anti-SLAPP statute."[2] *Id.* at 6.

---

[2] Trinity objects to the filing of this superior court order because Trinity has appealed it. Pl.'s Sur-Opp'n to Def.'s Sur-Reply (Dkt. 48) at 2. This Court's order does not rely, in any way, on Judge Margines' December 2, 2013 Order. Rather, it describes the Order only to express its deep concern over Trinity's conduct.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-1334-DOC (RNBx)                                  Date: January 21, 2014

Page 10

      In sum, this Court is deeply concerned with the conduct of Trinity and its counsel—by all appearances, they are vexatious litigants. The hands of their adversaries—the Kopers, McVeigh, and MacLeod—are not clean either. At its core, this dispute is terribly sad: it is a vitriolic, no-holds-barred war between a granddaughter and her grandparents. It is, however, more than that. It is a dazzling waste of the judicial resources of state and federal courts in California, New Jersey, and New York. If this Court had not already dismissed this action, it would have held hearings to consider sanctions against the parties. The Court warns Trinity: if it engages in any further vexatious litigation, then the Court will be inclined to sanction both Trinity and its counsel.

## IV. DISPOSITION

      For the reasons discussed above, this Court DENIES Trinity's Rule 59(e) Motion. The Scheduling Conference set for January 27, 2014 is VACATED.

      The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                                     Initials of Deputy Clerk: jcb